## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JASON KEITH ESTES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 20-031-RAW-KEW |
| | ) |
| **SCOTT CROW, DOC Director,** | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER

On January 29, 2020, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in Latimer County District Court Case No. CF-2015-120 for Child Sexual Abuse (Dkt. 1). On August 16, 2021, he filed a motion for leave to supplement the petition with a jurisdiction/prosecutorial authority claim pursuant to *McGirt v. Oklahoma*, __ U.S. __, 140 S. Ct. 2452 (2020), which he asserts was not available to him when he initiated the action (Dkt. 16). He claims he is Cherokee, and his crime was committed on the Choctaw Reservation. *Id.* at 1-2.

Petitioner acknowledges that his proposed new claim is unexhausted, therefore, he requests a stay to exhaust his state court remedies. In the alternative, Petitioner asks this Court to remand the case to the state district court for exhaustion of his state court remedies.

Respondent argues in his response to the motion to supplement that Petitioner's new claim is futile, because (1) it is untimely under the one-year statute of limitations under the Antiterrorism and Effective Death Penalty (AEDPA) and does not relate back to the claims

in the original petition, and (2) the new claim lacks merit (Dkt. 17).

Motions to supplement in the habeas context are subject to both Rule 15 of the Federal Rules of Civil Procedure and the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See Mayle v. Felix*, 545 U.S. 644, 654-55 (2005).  Pursuant to 28 U.S.C. § 2242, a habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  Rule 15(a)(2) provides in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Because Respondent objects to Petitioner's amending his petition to add a new claim, leave of court is required.  *See id.*

A "court should freely give leave" to amend pleadings "when justice so requires." *Id.* Rule 15(a), however, permits a court "to deny a motion to amend because of," among other things, "futility of the amendment."  *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994) (citation omitted).  Amendment is futile, and a district court does not abuse its discretion in denying a request to amend, when the new claim is barred by the AEDPA statute of limitations.  *Rodriguez v. United States*, 286 F.3d 972, 981 (7th Cir. 2002), *as amended on denial of reh'g and reh'g en banc, cert. denied*, 537 U.S. 938 (2002); *United States v. Barrett*, No. CR-04-115-JHP, 2009 WL 507075, at *1 n.4 (E.D. Okla. Feb. 27, 2009) (unpublished) (rejecting petitioner's motion to toll limitation period in attacking a federal sentence under 28 U.S.C. § 2255(f), and explaining that "[a]ny motion to amend . . . may be denied if the amendment would be barred by the statute of limitations") (citing *Rodriguez*,

286 F.3d at 980-81). "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'arise out of the [same] conduct, transaction, or occurrence.'" *Felix*, 545 U.S. at 655 (quoting Fed. R. Civ. P. 15(c) (alteration omitted)). Thus, to obtain permission to amend a habeas petition, a petitioner must present a claim that either relates back to a claim in the original petition or is timely under the AEDPA's one-year statute of limitations. *Id.* at 662-63.

**Relation Back**

The Supreme Court has held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650. To relate back, a claim must do more than "relate to the "same trial, conviction, or sentence." *Id*. at 662. "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id*. at 664 (footnote omitted).

Here, there is no overlap between Petitioner's proposed new claim and his original claims, which challenge the sufficiency of the evidence as to child sexual abuse, admission of testimony regarding prior alleged acts of sexual assault, prosecutorial error, cumulative error, and excessive sentence (Dkt. 1 at 4-17, 19-34, 38, 40-43). Petitioner's jurisdiction/ prosecutorial authority claim, relying on his alleged Indian status and the alleged location of his crimes within a reservation, injects new facts and a new theory into the case. Therefore,

the proposed supplemental claim does not relate back to the original petition. If, however, Petitioner's motion to supplement his petition was timely filed, he may be allowed to proceed with an amendment to his petition. *See Felix*, 545 U.S. at 662-63.

**Statute of Limitations**

The one-year limitation period that applies to federal habeas corpus petitions under AEDPA generally runs from the date the state judgment became final. 28 U.S.C. § 2244(d)(1)(A). "[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeals to the state courts and to [the Supreme] Court has been exhausted." *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (citations and internal quotation marks omitted).

Petitioner's judgment and sentence was affirmed on December 19, 2019, by the Oklahoma Court of Criminal Appeals in Case No. F-2018-451 (Dkt. 1 at 45-55). His conviction, therefore, became final on March 18, 2020, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). The statutory year began to run the next day on March 19, 2020, and it expired on March 19, 2021. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the

anniversary date).

The statute of limitations, however, is subject to statutory tolling during the pendency of a properly filed "application for State post-conviction or other collateral review . . . ." 28 U.S.C. § 2244(d)(2). *See also Wall v. Kholi*, 562 U.S. 545, 550-551 (2011). The Supreme Court defines "collateral review" as "a form of review that is not part of the direct appeal process." *Id.* 552. "A state post-conviction application is 'properly filed' if it satisfies the State's requirements for filing such a pleading." *Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006). "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

**Motion for Suspended Sentence**

On December 30, 2019, eleven days after his conviction was affirmed on December 19, 2019, Petitioner filed a pro se motion for a suspended sentence pursuant to Okla. Stat. tit. 22, § 994. The state district court has not entered a ruling on the motion. *See* Oklahoma State Courts Record (OSCN) at www.oscn.net.[1] In Oklahoma, a motion for suspended sentence under § 994 is permitted:

> After appeal, when any criminal conviction is affirmed, either in whole or in part, the court in which the defendant was originally convicted may suspend the judgment and sentence as otherwise provided by law. Jurisdiction for such suspension shall be vested in said trial court by a request by the defendant

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

> within ten (10) days of the final order of the Court of Criminal Appeals. Any order granting or denying suspension made under the provisions of this section is a nonappealable order.

Okla. Stat. tit. 22, § 994.[2]

This Court has observed that "[t]he Tenth Circuit has not addressed the issue of statutory tolling of the limitation period under . . . § 994." *Watie v. Aldridge*, No. CIV 16-117-RAW-KEW, 2017 WL 499967, at *2 (E.D. Okla. Feb. 7, 2017) (unpublished). The Tenth Circuit, however, assumed in an unpublished decision that a motion for judicial review filed under Okla. Stat. tit. 22, § 982a, tolled the limitations period under § 2244(d)(2). *Randall v. Allbaugh*, 662 F. App'x 571, 573 n.3 (10th Cir. 2016).

The United States Supreme Court has interpreted the phrase "collateral review" to mean "judicial review of a judgment in a proceeding that is not part of direct review," including motions to reduce sentence under state law. *Kholi*, 562 U.S. at 547 (holding motion to reduce sentence under Rhode Island law was "collateral review" that tolled the one-year statute of limitations imposed by AEDPA).

In *Watie*, the petitioner filed a motion in the state court pursuant to § 994 after her conviction was affirmed. *Watie*, 2017 WL 499967, at *2. This Court considered the motion as "collateral review" that tolled the statute of limitations under 28 U.S.C. § 2244(d)(2). *See also Najera v. Murphy*, 462 F. App'x 827, 830 (10th Cir. Feb. 14, 2012) (citing *Kholi*, 562

---

[2] The 10-day deadline for Petitioner to file his § 994 motion was December 29, 2019, which was a Sunday. The motion was timely filed on Monday, December 30, 2019.

U.S. at 555-56) (holding that "[b]ased on the Supreme Court's broad definition of collateral review, a motion for reduction of sentence under Wyoming law tolls the statute of limitations under § 2244(d)(2)), *cert. denied*, 568 U.S. 863; *Hackett v. Parker*, No. 11-CV-322-GKF-TLW, 2012 WL 1029545, at *4 (N.D. Okla. Mar. 26, 2012) (unpublished) (holding that a "motion for suspended sentence filed under Okla. Stat. tit. 22, § 994, qualifies as a motion for 'collateral review' and serves to trigger tolling of the one-year limitations period."); *Clements v. Franklin*, No. CIV-12-247-W, 2012 WL 2344430, at *3 (W.D. Okla. May 8, 2012) (same).

Respondent cites numerous unpublished opinions by the Tenth Circuit and the Western District of Oklahoma that refused to award statutory tolling for the time a motion for suspended sentence was pending. This Court, however, notes that all the cited cases preceded the Supreme Court's ruling in *Kholi*. Therefore, the Court finds Petitioner's motion pursuant to § 994 constitutes "collateral review." Because the motion still is pending, Petitioner's limitation period remains tolled.[3] Petitioner, however, is not entitled to statutory tolling for the time his motion was pending before his conviction became final. *See Long v. Crow*, No. CV-19-737-D, 2019 WL 5295554, at *2 (W.D. Okla. Sept. 19, 2019), *report and*

---

[3] Petitioner's state-court requests for the original police report, probable cause affidavit, and arrest warrant (Dkt. 17-4), his request for portions of the preliminary hearing and trial transcripts (Dkt. 17-5), and his request for a copy of his judgment and sentence, *see* OSCN record for Latimer County District Court Case No. CF-2015-120 (Nov. 30, 2020), were not applications for collateral review under 28 U.S.C. § 2244(d)(2). *See Kholi*, 562 U.S. at 553 (explaining "collateral review of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process.") (internal quotation marks omitted). Thus, these requests did not affect the tolling of Petitioner's petition.

7

*recommendation adopted*, No. CIV-19-737-D, 2019 WL 5295529 (W.D. Okla. Oct. 18, 2019) (unpublished) (when applications for collateral review are filed prior to a conviction becoming final, such applications have no tolling effect until the conviction becomes final); *Jones v. Dinwiddie*, No. 06- CV-447-TCK-SAJ, 2006 WL 3762092, at *3 (N.D. Okla. Dec. 20, 2006) (unpublished).

The tolling period for Petitioner's motion for a suspended sentence began when his conviction became final on March 18, 2020, and his statutory year began on March 19, 2020. His new claim, filed on August 16, 2021, is timely under § 2244(d)(1)(A). Because the new habeas claim is timely, the relation-back of the claim is not relevant.

**Application for Post-Conviction Relief**

Petitioner initiated his state post-conviction proceedings on July 12, 2021, raising his jurisdiction//prosecutorial authority claim pursuant to *McGirt* (Dkt. 16 at 3-16). This filing was made more than three months after the March 19, 2021, expiration of the one-year deadline, however, Petitioner's limitation period was tolled because of his pending § 994 motion.

Further, because the trial court has not issued a ruling on the post-conviction application, *see* OSCN, this claim is unexhausted. *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (holding that to satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding).

**Futility of Amendment**

Respondent argues that regardless of the timeliness of the proposed claim, Petitioner's request to supplement his petition should be denied, because amendment would be futile. Futility of an amendment alone is sufficient to justify denying a request for leave to amend a petition. *See Stafford*, 34 F.3d at 1560 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Respondent alleges Petitioner has provided no evidence to support his claim that he is "of Native American Ancestry and Heritage of the Cherokee Indians" or that he is "third-generation Indian" (Dkt. 16 at 1). Indian status has a two-part test: 1) some Indian blood; and (2) recognition as an Indian by a tribe or the federal government. *United States v. Diaz*, 679 F.3d 1183, 1187 (10th Cir. 2012) (citations omitted).

Plaintiff has submitted a copy of his pending application for post-conviction relief (Dkt. 16 at 3-14). He asserts in the application that he included a copy of his Certificate of Degree of Indian Blood (CDIB) (Dkt. 16 at 5), however, no such document is attached to the filing. In addition, Petitioner has presented no evidence that he was recognized as an Indian by a federally recognized tribe at the time he committed his crime which occurred between September 1, 2013, and September 1, 2015 (*see* Information, Dkt. 14-8 at 11; Jury Instruction 3, Dkt. 14-6 at 66). *See also United States v. Zapata*, 792 F.3d 1103, 1113 (9th Cir. 2015 (en banc) (providing that Indian status is measured as of the date of the offense).

Petitioner also has submitted a letter from the Choctaw Nation of Oklahoma stating that a particular address in Wilburton, Oklahoma (the location of the crime, *see* Dkt 14-1 at

7), is within Choctaw Nation jurisdiction in Pushmataha County (Dkt. 16 at 15). His crime, however, occurred in Latimer County (Information, Dkt. 14-8 at 11; Jury Instruction 3, Dkt. 14-6 at 66). Nonetheless, the letter from the Choctaw Nation indicates Latimer County also is within the Choctaw Nation boundaries (Dkt. 16 at 15).

Petitioner has filed a reply to Respondent's response to the motion to supplement, however, he has failed to address the issue of his Indian status with respect to his conviction (Dkt. 18). Instead, he asks to dismiss his *McGirt* claim without prejudice to allow him to exhaust his unexhausted claims or to develop his supplemental claims.[4]

After careful review, the Court finds that resolution of the alleged futility of his motion to supplement the petition requires additional information. Therefore, within fourteen (14) days from the entry of this Order, Petitioner shall file with this Court a copy of his Certificate of Degree of Indian Blood which is referenced in the copy of his application for post-conviction relief (Dkt. 16 at 5). *See* Rule 7, Rules Governing Section 2254 Cases in the United States District Courts (providing district court may direct parties to expand the record by submitting materials relating to the petition and may require that materials be

---

[4] Petitioner also complains in his reply that Respondent failed to timely file a response to the original petition (Dkt. 18 at 2). After Respondent's motion for extension of time to respond to the petition (Dkt. 10) was granted (Dkt. 11), Petitioner filed an objection to the extension, complaining it violated 28 U.S.C. § 2254 and the rules of procedure (Dkt. 12). He now asserts Respondent's motion for extension of time violated the Federal Rules of Civil Procedure and the Rules Governing Section 2254 Cases in the United States Courts. The Rules, however, do not set the deadline for a response to a petition. Instead, "a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Dietz v. Baldwin*, 579 U.S. 40, 45 (2016) (citations omitted).

authenticated).

**ACCORDINGLY,** Petitioner is directed to file within fourteen (14) days a copy of his Certificate of Degree of Indian Blood or other document demonstrating he has some Indian blood and recognizing him as an Indian by a tribe or the federal government.

**IT IS SO ORDERED** this 1st day of February, 2022.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA