# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JASON KEITH ESTES,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 20-031-RAW-KEW |
| **SCOTT CROW, DOC Director,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

On August 16, 2021, Petitioner filed a motion to supplement his habeas corpus petition with an unexhausted claim concerning his alleged Native American heritage pursuant to *McGirt v. Oklahoma*, __ U.S. __, 140 S.Ct. 2452 (2020) (Dkt. 16). He asked for a stay to exhaust his state court remedies, which are pending in Latimer County District Court Case No. CF-2015-120, or in the alternative, for this Court to remand the case to the state district court for exhaustion of his state court remedies.

In an Opinion and Order entered on February 1, 2022, the Court considered Respondent's objections to the motion (Dkt. 20). Respondent argued that the proposed new claim is futile, because (1) it is untimely under the AEDPA statute of limitations and does not relate back to the claims in the original petition, and (2) the new claim lacks merit (Dkt. 17).

This Court found that the proposed supplemental claim did not relate back to the original petition, however, if the motion to supplement the petition was timely filed,

Petitioner may be able to proceed with the supplement. After a thorough review of Petitioner's litigation history in the state district court, this Court concluded that the new claim was timely, therefore, the relation-back of the claim was not relevant.

Respondent argued that in spite of the timeliness of the *McGirt* claim, Petitioner's motion to supplement his petition should be denied, because amendment would be futile. As stated in the earlier Opinion and Order, "[f]utility of an amendment alone is sufficient to justify denying a request for leave to amend a petition" (Dkt. 20 at 9) (citing *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994)).

Respondent maintains Petitioner has submitted no evidence to support his claim that he is "of Native American Ancestry and Heritage of the Cherokee Indians" or that he is a "third-generation Indian" (Dkt. 16 at 1). As stated in the earlier Opinion and Order, Indian status has a two-part test: 1) some Indian blood; and (2) recognition as an Indian by a tribe or the federal government. *United States v. Diaz*, 679 F.3d 1183, 1187 (10th Cir. 2012) (citations omitted).

Petitioner's pending application for post-conviction relief in his state criminal case states he attached a copy of his Certificate of Degree of Indian Blood (CDIB) to the application (Dkt. 16 at 5, 7, 11). The CDIB, however, was not attached to the copy of his state court filings submitted to this Court. In addition, Petitioner failed to address his Indian status with respect to his conviction in his reply to the Respondent's response to the motion to supplement (Dkt. 18).

To resolve Respondent's claim that the proposed supplemental claim is futile, this Court directed Petitioner in its February 1, 2022, Opinion and Order to submit by February 15, 2021, a copy of his CDIB or another document demonstrating he has some Indian blood and recognizing him as an Indian by a tribe or the federal government (Dkt. 20). *See* Rule 7, Rules Governing Section 2254 Cases in the United States District Courts (providing that the district court may direct parties to expand the record by submitting materials relating to the petition and may require that materials be authenticated).

On February 18, 2022, Petitioner requested an extension of time to provide the required documentation, so the Court extended his deadline to March 10, 2022 (Dkt. 22). As of the entry of this Opinion and Order, Petitioner has not provided the necessary documentation. Further, this Court has contacted the Latimer County District Court Clerk's Office which advised that, contrary to Petitioner's pending application for post-conviction relief, his case file does not include a copy of his CDIB or other document verifying his Indian blood.[1]

After careful review, this Court finds that Petitioner has failed to comply with the Order to provide documentation of his Indian status to demonstrate the requested supplement

---

[1] *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("[F]ederal courts may take notice of judicial proceedings in other courts if they have a direct relation to matters at issue." (citing *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979)). *See also United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted), *cert. denied*, 552 U.S. 969 (2007).

is not futile. Further, Petitioner has failed to offer an explanation for his failure to comply with the Court's instructions. *See* Fed. R. Civ. P. 41(b) (authorizing dismissal for failure to comply with an order of the Court).

**ACCORDINGLY,** Petitioner's motion to supplement his habeas corpus petition with a claim pursuant to *McGirt v. Oklahoma* (Dkt. 16) is DENIED.

**IT IS SO ORDERED** this 31st day of March 2022.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA