UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON KEITH ESTES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 20-CV-031-RAW-KEW |
| ) | |
| RANDY HARDING,[1] ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Jason Estes, a state prisoner appearing *pro se*,[2] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Latimer County, Case No. CF-2015-120. *See* Dkts. 1, 2. Respondent Randy Harding has filed a response (Dkt. 13) in opposition to the petition, as well as the state-court record (Dkt. 14), and Estes has submitted a reply (Dkt. 15). Having considered the parties' arguments and the relevant record, the Court denies the petition.

I.   B<span style="font-variant:small-caps">ackground</span>

Estes was convicted by a jury in 2018 on one count of sexually abusing a child, in violation of Okla. Stat. tit. 21, § 843.5(E). Dkt. 14-8, at 11, 143.[3] He received a fifteen-year term of

---

[1] Estes presently is incarcerated at the Jim E. Hamilton Correctional Center (JEHCC), in Hodgen, Oklahoma. The Court therefore substitutes the JEHCC's current warden, Randy Harding, in place of Scott Crow, as party respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note this substitution on the record.

[2] Because Estes appears without counsel, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[3] The Court's citations refer to the CM/ECF header pagination.

imprisonment. *Id.* at 183. Estes directly appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA), raising five grounds for relief:

I. The state failed to present sufficient competent evidence to support a conviction for child sexual abuse;

II. Appellant was denied his due process right to a fundamentally fair trial when the trial court admitted testimony of prior alleged acts of sexual assault;

III. Appellant was denied a fundamentally fair trial when the prosecutor elicited testimony from a state's witness that revealed evidence that the trial court previously suppressed pursuant to a motion in limine;

IV. Appellant's conviction should be reversed as the cumulative effect of errors deprived him of a fair trial; and

V. Appellant's sentence was excessive and should be modified.

Dkt. 1, at 46; *see* Dkt. 13-1. The OCCA affirmed the judgment and sentence in *Estes v. State*, No. F-2018-451 (Okla. Crim. App. Dec. 19, 2019) (Dkt. 1, at 45-55), and Estes now seeks federal habeas review of his claims.

II.   LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and internal quotation marks omitted). When a claim has been "adjudicated on the merits in State court proceedings," federal habeas relief may be granted under the AEDPA only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Clearly established federal law "refers to the holdings, as opposed to the dicta, of the

[Supreme] Court's decisions as of the time of the relevant state-court decision." *Dodd v. Trammell*, 753 F.3d 971, 982 (10th Cir. 2013) (alteration and internal quotation marks omitted). A state-court decision is "contrary to" clearly established federal law if the conclusion is "opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." *Id.* (alterations and internal quotation marks omitted). A state-court decision is an "unreasonable application" of clearly established federal law if the "state court identifies the correct governing legal principle from the [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (alteration and internal quotation marks omitted). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Renico*, 559 U.S. at 773 (citations and internal quotation marks omitted). Further, a state-court's "determination of a factual issue . . . shall be presumed to be correct," unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

III.   DISCUSSION

   A. Ground One: Sufficiency of the Evidence

Estes first claims that the evidence against him was insufficient to sustain his conviction. He contends that the testimony of the child, A.P., was inconsistent and that there was no physical evidence to support a finding of guilt. The OCCA rejected this claim on direct appeal:

> **Proposition I.** Taken in the light most favorable to the State, sufficient record evidence was presented at trial to allow any rational trier of fact to find beyond a reasonable doubt that Appellant sexually abused A.P. as charged in this case. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Davis v. State*, 2011 OK CR 29, ¶ 74, 268 P.3d 86, 111; *Young v. State*, 2000 OK CR 17, ¶ 35, 12 P.3d 20, 35. Proposition I is denied.

Dkt. 1, at 46-47.

When reviewing the sufficiency of the evidence supporting a state criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Sexual abuse of a child under Oklahoma law includes the following substantive elements: (1) a person responsible for a child's health, safety or welfare, (2) willfully or maliciously engaged in, (3) sexual intercourse, sodomy, incest, a lewd act or proposal, and/or penetration of the vagina or anus, however slight, by an inanimate object or any part of the human body not amounting to sexual intercourse, (4) with a child under the age of eighteen. *See* Okla. Unif. Jury Instr. CR 4-39; Okla. Stat. tit. 21, § 843.5(E), (O)(3).

Estes was charged with sexually abusing his stepdaughter A.P. when she was thirteen years old. Dkt. 14-8, at 11. At trial, A.P. testified that Estes had intercourse with her and touched her breasts and vagina with his hands and mouth. Dkt. 14-5, at 169-73. She testified that the abuse occurred as often as three times a week while her mother was at work. *Id.* at 172-73, 175. She testified that her mother worked full time and typically returned home at five o'clock, while Estes was unemployed and frequently home with A.P. and her eleven-year-old brother C.P. after school and during the summer months. *Id.* at 172-73, 184-85. A.P. described specific instances of the abuse to the jury. She recalled doing "the 69 thing," having intercourse in the shower while menstruating, and at least one occasion involving A.P.'s mother's vibrator and lubricant. *Id.* at 174-77, 179-80.

A.P. further recalled one instance in which C.P. knocked on the door and asked what was happening and another instance in which Estes prevented C.P. from entering the room by holding

4

his feet against the closed door. *Id.* at 174-75. C.P. corroborated this testimony by testifying that he remembered these two occurrences. *Id.* at 206-07. The jury also heard C.P.'s testimony that he noticed Estes and A.P. exchange looks "like an inside . . . joke" and that Estes treated A.P. "[a] lot better" than him. *Id.* at 179, 204-05, 208.

The jury also heard the testimony of a forensic interviewer who had spoken with A.P. regarding the abuse. The forensic interviewer testified that, when asked to describe her sexual activities with Estes, A.P. described oral sex, vaginal sex, anal sex, and sex by instrumentation. *Id.* at 119. A.P. also specifically described having intercourse with Estes in the shower while menstruating. *Id.* at 125. The forensic interviewer further testified that she had interviewed C.P. separately and that both A.P and C.P. mentioned the incident in which Estes had prevented C.P. from entering the room by blocking the door with his feet. *Id.* at 120-21.

The Court concludes that the evidence presented at trial was sufficient to support Estes' conviction under the standard articulated in *Jackson v. Virginia* and that the OCCA properly applied the *Jackson* standard when rejecting Estes' claim. Rational triers of fact, upon hearing the testimony presented, could have found the essential elements of the crime of child sex abuse beyond a reasonable doubt. Thus, the OCCA's rejection of Estes' challenge to the sufficiency of the evidence was neither "contrary to" nor "an unreasonable application of" clearly established federal law, nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

    B.  <u>Ground Two: Improper Admission of Propensity Evidence at Trial</u>

In Ground Two, Estes argues that he was denied his due process right to a fundamentally fair trial when the trial court admitted the testimony of his daughter K.E. as propensity evidence. This testimony included that Estes touched K.E.'s breasts outside of her clothing on two occasions

5

when she was eleven years old.  The trial court held a hearing on the proposed evidence prior to trial and determine that it was admissible.  Estes presented his challenge to the OCCA, which denied relief:

> We acknowledge that the trial court's written order could have been more explicit in its findings.  The record nonetheless shows the *Horn* [*v. State*, 204 P.3d 777 (Okla. Crim. App. 2009)] factors are satisfied and the probative value of K.E.'s testimony was not substantially outweighed by the danger of unfair prejudice.  *Horn*, 2009 OK CR 7, ¶ 40, 204 P.3d at 786; 12 O.S. 2011, §§ 2401-2403.  The challenged evidence was probative because it reveals a similar method of operation utilized by Appellant with young girls.  Both girls were roughly the same age when Appellant molested them: A.P. was thirteen years old and K.E. was eleven; Appellant was a father-figure to both girls; and the molestations occurred at a time when both girls lived in the family home.  This evidence was relevant even though K.E.'s testimony ultimately was limited to describing unwanted touching by Appellant of her breasts.
>
> Appellant flatly denied that he sexually abused A.P. and downplayed the unwanted touching of K.E.'s breasts based upon K.E.'s testimony that she did not consider this abuse.  The record does not show that any less prejudicial evidence was available to the State on this issue.  The limited nature of K.E.'s ultimate testimony minimized the danger of unfair prejudice from the sexual propensity evidence and ensured it would not contribute to an improperly-based verdict or otherwise distract the jury from the central issues in the trial.  We observe too that the trial court properly instructed Appellant's jury in the written charge on the limited use of propensity evidence.  The record thus supports the trial court's conclusions that K.E.'s testimony was admissible.  There was no error, plain or otherwise, stemming from the admission of K.E.'s testimony. Proposition II is denied.

Dkt. 1, at 47-50.

Respondent argues that Estes made only "fleeting references to due process and fundamental fairness," and "instead focus[ed] on state law" in relation to this claim on direct appeal.  Dkt. 13, at 29.  Respondent contends the claim is not cognizable on federal habeas review insofar as Estes is challenging the admission of propensity evidence under Oklahoma law, and any due process argument was not fairly presented to the OCCA and is therefore unexhausted and subject to an anticipatory procedural bar.  Dkt. 13, at 26-32.  Respondent argues in the alternative, that if the claim was properly exhausted in state court, it nevertheless lacks merit.  *Id.* at 32-42.

On direct appeal, Estes labeled his second proposition of error as the "deni[al] [of] his due process right to a fundamentally fair trial" and cited the United States Constitution twice in conjunction with the Oklahoma Constitution. Dkt. 13-1, at 25, 26, 31. His argument, however, rests on the trial court's alleged abuse of discretion for failing to apply the balancing test for admitting propensity evidence under Okla. Stat. tit. 12, § 2413(A), as articulated in *Horn v. State* 204 P.3d 777 (Okla. Crim. App. 2009). Dkt. 13-1, at 25 ("The trial court abused its discretion when it failed to follow the Due Process protections set forth by [the OCCA] in *Horn v. State* when it allowed K.E., Appellant's adult daughter to testify regarding the alleged touching of her breasts by Appellant when K.E. was 11 years of age."); *id.* at 26 ("The State must prove, by clear and convincing evidence, that the probative value of the evidence outweighs the prejudicial effect. *Horn v. State*, 2009 OK CR 7, ¶ 40, 204 P.3d at 786.").

"When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted." *Johnson v. Williams*, 568 U.S. 289, 301 (2013). When "a line of state precedent is viewed as fully incorporating a related federal constitutional right," "a state appellate court may regard its discussion of the state precedent as sufficient to cover a claim based on the related federal right." *Id.* at 298-99. Further, "if the state-law rule subsumes the federal standard—that is, if it is at least as protective as the federal standard—then the federal claim may be regarded as having been adjudicated on the merits." *Id.* at 301.

Applying the presumption of adjudication, the Court concludes that the OCCA adjudicated the federal due process claim on the merits. The OCCA's resolution of the claim rested on the application of *Horn*, which not only articulated the balancing test and factors for consideration

when admitting propensity evidence of sexual assault under Okla. Stat. tit. 12, § 2413, but also held that "[w]ith the[se] safeguards . . . , any due process concerns posed by the admission of the evidence under § 2413 are eliminated." *Horn*, 204 P.3d at 784 ("Appellant has failed to show that § 2413 violates the Due Process Clause of either the State or Federal Constitution."); *id.* at 788 ("The majority opinion clearly requires trial courts to undertake a rigorous analysis of the propensity evidence proffered under Section 2413 to determine whether its admission would fail the overarching balancing test of Section 2403 and violate the due process requirement of fundamental fairness." (Johnson, J., concurring)).[4]

Thus, the Court turns to Estes' argument that the admission of the propensity evidence violated his due process right to a fundamentally fair trial. To demonstrate entitlement to relief, Estes must show that the trial court's admission of the propensity evidence "was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (internal quotation marks omitted); *see Knighton v. Mullin*, 293 F.3d 1165, 1171 (10th Cir. 2002) ("The question presented in these habeas proceedings . . . is not whether [the] evidence was admissible under state law, but instead whether, considered in light of the entire record, its admission resulted in a fundamentally unfair trial.").

---

[4] In the alternative, if Estes' references to his federal constitutional right to due process were insufficient to exhaust the claim in state court, the claim is nonetheless subject to denial. If Estes were to return to state court to exhaust the claim, the state court would now find the claim waived. *See Davis v. Sharp*, 943 F.3d 1290, 1296 (10th Cir. 2019) (explaining that Oklahoma bars claims in post-conviction proceedings "that were not raised previously on direct appeal, but which could have been raised" (internal quotation marks omitted)). Though a petitioner can overcome a procedural bar by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or [by] demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice," Estes has not advanced argument on these points. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, the challenged evidence was both relevant and probative of Estes' propensity to commit the crime of child sex abuse. *See United States v. Benally*, 500 F.3d 1085, 1093 (10th Cir. 2007) ("Evidence of other similar crimes involving sexual assault and child molestation was determined by Congress to be probative of a defendant's propensity to commit such crimes."). The evidence tended to show that Estes was attracted to young girls and acted on that attraction. A.P. and K.E. were similar ages at the times the acts occurred, and in both instances, Estes was a father-figure who lived in the same house as the child. *See* Dkt. 1, at 47-50. Further, the record does not reflect that the admission of the evidence was so grossly prejudicial as to imperil Estes' right to a fundamentally fair trial. The jury was presented with ample evidence supporting a finding of guilt, and the Court gave a "cautionary jury instruction[] to mitigate the prejudicial impact" of the testimony. *Benally*, 500 F.3d at 1088, 1093; *see* Dkt. 14-8, at 163 (instruction to jury members that they "may not . . . convict the defendant solely because [they] believe he committed these other offenses or solely because [they] believe he has a tendency to engage in acts of sexual assault"). Thus, Estes has not shown entitlement to relief on this claim.

C. Ground Three: Prosecutor's Elicitation of Suppressed Evidence

Estes next argues that he was denied a fundamentally fair trial when "the prosecutor elicited testimony from a State's witness regarding evidence previously suppressed by the trial court." Dkt. 13-1, at 32. In denying the claim, the OCCA held:

> **Proposition III.** Appellant successfully objected to improper testimony elicited by the prosecutor from the forensic interviewer. However, Appellant's claim on appeal of prejudice from this testimony is waived as invited error because he did not request an admonishment to cure any potential prejudice. *Cheatham v. State*, 1995 OK CR 32, ¶¶ 35-36, 900 P.2d 414, 425. Proposition III is denied.

Dkt. 1, at 51.

Respondent raises the affirmative defense of procedural default, arguing that Estes' claim is procedurally barred from federal habeas review because the claim was defaulted in state court. Dkt. 13, at 43-44. Under the doctrine of procedural default, federal courts are precluded from "consider[ing] issues on habeas review that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001) (internal quotation marks omitted). "To be independent, the procedural ground must be based solely on state law." *Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014) (internal quotation marks omitted). To be adequate, a state procedural ground "must be strictly or regularly followed and applied evenhandedly to all similar claims." *Id.* (internal quotation marks omitted). Where, as here, the state has pleaded the affirmative defense of a state procedural bar, "the burden to place that defense in issue shifts to the petitioner," who must, at a minimum, provide "specific allegations . . . as to the inadequacy of the state procedure." *Hooks v. Ward*, 184 F.3d 1206, 1217 (10th Cir. 1999).

Here, the OCCA's rejection of the claim rested exclusively on Oklahoma's invited-error doctrine, which is "a state procedural barrier to the adjudication of the claim on the merits." *Lott v. Trammell*, 705 F.3d 1167, 1198-99 (10th Cir. 2013). Oklahoma's invited-error doctrine "is firmly established and regularly followed by the OCCA," and is therefore an adequate ground on which to base the procedural default. *Id.* at 1199. To overcome the procedural bar, then, Estes must demonstrate either "cause for the default and actual prejudice," or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Estes has neither asserted cause and prejudice excusing his procedural default nor provided argument suggesting that his claim must be reviewed on the merits to prevent a fundamental miscarriage of justice. *See Spears v. Mullin*, 343 F.3d 1215, 1252-53

10

(10th Cir. 2003) (finding claim procedurally barred where petitioner "[did] not address his alleged procedural default").

For these reasons, the Court concludes that the doctrine of procedural default precludes federal review of this claim.

### D.  Ground Four: Cumulative Error

Estes contends that he was denied a fundamentally fair trial due to the cumulative effect of the alleged errors. The OCCA denied the claim on direct appeal:

> **Proposition IV.** Appellant alleges that relief is warranted based upon the cumulative effect of the propositions of error alleged in his brief in chief. "Cumulative error, however, does not deprive the defendant of a fair trial when the errors considered together do not affect the outcome of the proceedings." *Postelle v. State*, 2011 OK CR 30, ¶ 94, 267 P.3d 114, 146 (internal quote omitted). Appellant's claims, nether individually nor collectively, warrant relief. Proposition IV is denied.

Dkt. 1, at 51. "In the federal habeas context, a cumulative-error analysis aggregates all constitutional errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *Lott*, 705 F.3d at 1223 (internal quotation marks omitted). Where, as here, the Court has "rejected each of [the petitioner's] substantive claims of constitutional error, there can be no cumulative error." *Alverson v. Workman*, 595 F.3d 1142, 1162 (10th Cir. 2010).

Accordingly, the Court determines that the OCCA's denial of Estes' claim was neither "contrary to" nor "an unreasonable application of" clearly established federal law, nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

### E.  Ground Five: Excessive Sentence

Finally, Estes argues that his fifteen-year sentence constitutes cruel and unusual

11

punishment under the Eighth Amendment because it is excessive "in view of the evidence presented." Dkt. 1, at 3-343. Estes raised this argument on direct appeal, and the OCCA denied relief. *Id.* at 51-52; *see Haney v. Addison*, 275 F. App'x 802, 807 (10th Cir. 2008).

The Eighth Amendment "does not require strict proportionality between crime and sentence." *United State v. Angelos*, 433 F.3d 738, 750 (10th Cir. 2006) (internal quotation marks omitted). Rather, "it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 750, 751 ("[T]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." (internal quotation marks omitted)); *see United States v. Gillespie*, 452 F.3d 1183, 1190 (10th Cir. 2006) ("Generally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment."). Estes' sentence was well within the statutory range for the crime for which he was convicted, and Estes has not shown that his is the "extraordinary case" in which a "comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Ewing v. California*, 538 U.S. 11, 30 (2003) (internal quotation marks omitted); *see* Okla. Stat. tit. 21, § 843.5(E) (prescribing that punishment for child sex abuse shall "not exceed[] life imprisonment"); Dkt. 14-7, at 5; Dkt. 14-8, at 171. Accordingly, Estes has not shown entitlement to relief on his claim.

IV. CONCLUSION

Based on the foregoing, the Court denies Estes' petition for writ of habeas corpus (Dkt. 1). Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard

by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that the requisite standards have not been met in this case and therefore declines to issue a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court shall note on the record the substitution of Randy Harding in place of Scott Crow as party respondent;

2. the petition for writ of habeas corpus (Dkt. 1) is **denied**; and

3. a certificate of appealability is **denied**.

**DATED** this 21st day of March, 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA